UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Stephen J. WILLIAMS,** | **Plaintiff** | **Civil Action No.** <br> **3:25-cv-    (    )** |
| vs. | | |
| **Federal Aviation Administration,** | | |
| **Chris ROCHELEAU,** *Acting Administrator* | | **15 April 2025** |
| *of the FAA, in his official capacity,* | | |
| | **Defendants** | APR 15 2025 AM 11:10 <br> FILED-USDC-CT-HARTFORD |

### FIRST COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Stephen J. Williams alleges as follows:

## INTRODUCTION

1. This action under the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b), 706(1), seeks to compel the Federal Aviation Administration ("FAA") to decide a petition for exemption filed on 29 December 2023, docketed as FAA-2023-2580.[1]

2. The FAA has taken no action on the petition, despite its regulatory duty to act within a reasonable time and a stated policy of issuing determinations within 120 days. See 14 C.F.R. § 11.63(a).

---

[1] https://www.regulations.gov/docket/FAA-2023-2580.

3. Plaintiff seeks a narrowly tailored order directing the FAA to issue a decision on the petition promptly, without dictating the decision's substance.

4. The petition requests relief from the expiration of a knowledge test, caused by the FAA's persistent failure to schedule the corresponding practical test for a Certified Flight Instructor – Glider (CFI-G) rating, a systemic issue Congress directed the FAA to address in the FAA Reauthorization Act of 2018, § 319.

5. The FAA's inaction inflicts ongoing harm, freezing Plaintiff's career, denying him access to his profession, and thwarting educational commitments, while raising broader constitutional concerns about agency delay.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 5 U.S.C. § 702 (APA).

7. Venue is proper under 28 U.S.C. § 1391(e)(1)(C) because Plaintiff resides in this district.

**PARTIES**

8. Plaintiff Stephen J. Williams, a resident of Mansfield, Connecticut, is a commercial pilot and certified ground instructor pursuing a Certified Flight Instructor – Glider (CFI-G) rating after years of dedicated training.

9. Defendant Federal Aviation Administration is an agency of the U.S. Department of Transportation responsible for airman certification.

10. Defendant Chris Rocheleau, Acting Administrator of the FAA, is sued in his official capacity as the agency's head.

**FACTS**

11. Plaintiff is a member of the Connecticut Soaring Association, a nonprofit providing volunteer glider instruction at Windham Airport, Connecticut, where a shortage of instructors prompted Plaintiff to seek a CFI-G rating.

12. In 2022, Plaintiff received a $2,000 scholarship from the Soaring Society of America and the Connecticut Soaring Association to fund his CFI-G training, contingent on certification by a deadline extended to 31 December 2022.

13. By 15 October 2022, Plaintiff met all prerequisites for the CFI-G practical test, including endorsements and recommendations from FAA-certified instructors, as required by 14 C.F.R. § 61.183.

14. On 15 October 2022, Plaintiff contacted Daryl Smith, the only designated pilot examiner (DPE) authorized by the Bradley Flight Standards District Office (FSDO) to conduct initial CFI-G exams, to schedule the test. Smith cited unavailability until January or February 2023, later stating he might delay glider exams until warmer months due to cold weather.

15. On 28 November 2022, Plaintiff contacted two out-of-state DPEs suggested by Smith, in Pennsylvania and New York, but received no substantive response. On 7 December 2022, Plaintiff sought help from Stephen Brown, the FAA's Aviation Safety Program Manager in New Hampshire, who did not reply.

16. On 9 December 2022, Plaintiff wrote to the Bradley FSDO manager, requesting test scheduling per FAA Order 8900.2C, ¶ 92 (two-week goal), but received no response.

17. On 29 December 2023, Plaintiff filed a petition for exemption with the FAA, docketed as FAA-2023-2580, at the urging of FAA counsel Michael McKinley during mediation in prior litigation, as the FAA refused to schedule the CFI-G practical test.

18. The petition seeks relief from the 24-month validity limit on knowledge test results under 14 C.F.R. § 61.39(a)(1)(i), necessary because the FAA's shortage of examiners prevented scheduling within the required time, causing Plaintiff's test to expire. The petition poses no safety risk, as Plaintiff's endorsements (¶ 13) confirm readiness, and the practical exam, including an oral portion testing knowledge covered by the written exam, requires Plaintiff to demonstrate qualifications and safety to an examiner. The FAA has routinely denied such petitions, citing safety, typically for applicant-caused delays or lack of qualifications. Here, Plaintiff's need arises solely from the FAA's failure to

provide examiners, not from any delay or deficiency on Plaintiff's part. Similar extensions during COVID-19 posed no safety risk, per FAA findings.

19. In New England, only two examiners—Smith, with limited availability, and Brown, who focuses on training other examiners through the FAAST program and rarely tests the public—are qualified for CFI-G practical tests, exacerbating delays. The Bradley FSDO's reliance on one DPE, Smith, who limits exams to three per week and avoids winter tests, creates a bottleneck no applicant can overcome, despite FAA's duty under 49 U.S.C. § 44703(a).

20. Congress mandated reforms to address examiner shortages in the FAA Reauthorization Act of 2018, § 319, requiring recommendations by June 2022. While a working group submitted proposals in June 2021, the FAA has not implemented these reforms, leaving applicants like Plaintiff stranded.

21. The FAA has not acted on the petition in 473 days, far exceeding its 120-day goal under 14 C.F.R. § 11.63(a).

22. This inaction prevents Plaintiff from taking the CFI-G practical test, stalling his career, barring him from instructing opportunities, kindling mental anguish, and deepening financial losses, including scholarship funds and training costs.

23. Plaintiff exhausted administrative remedies, including repeated attempts to schedule the test, appeals to FAA management, and filing the petition per FAA guidance.

24. The FAA's failure to act, despite causing the need for the petition through its own deficiencies, denies Plaintiff access to airman certification and violates its statutory duty under 49 U.S.C. § 44703(a).

## CLAIMS FOR RELIEF

### Count I – Violation of APA (Unreasonable Delay)

25. Plaintiff realleges all above paragraphs.

26. The FAA's failure to decide Plaintiff's exemption petition (FAA-2023-2580) in 473 days, despite its 120-day policy under 14 C.F.R. § 11.63(a), violates 5 U.S.C. §§ 555(b), 706(1) by unreasonably delaying agency action.

27. This delay inflicts irreparable harm, preventing Plaintiff from pursuing his profession and securing a CFI-G rating.

### Count II – Violation of Fifth Amendment Due Process and Equal Protection

28. Plaintiff realleges all above paragraphs.

29. Plaintiff has protected liberty and property interests in pursuing his profession as a flight instructor, earned through years of training, and in interstate travel, both dependent on airman certification under 49 U.S.C. § 44703(a). The FAA's obstruction of Plaintiff's CFI-G certification denies these rights without due process.

30. The FAA's inaction—ignoring regulatory timelines (e.g., 14 C.F.R. § 11.63(a)) and its own role in necessitating the petition—lacks notice, hearing, or justification, violating procedural and substantive due process under the Fifth Amendment.

31. The FAA's unequal allocation of examiners further violates Plaintiff's Fifth Amendment equal protection rights. Other regions, like the Southern FSDO, offer multiple CFI-G examiners, per FAA directories, enabling timely tests, while New England's two examiners—Smith and Brown, the latter unavailable—block Plaintiff. This geographic disparity, rooted in FAA's arbitrary administration, persists despite similar training demands across regions, unrelated to legitimate examiner shortages, and lacks any rational basis.

32. The FAA's failure also breaches its statutory duty under 49 U.S.C. § 44703(a) to certify qualified applicants like Plaintiff, a commercial pilot and ground instructor, turning a legal entitlement into an empty promise.

33. The FAA's conduct—erecting barriers to certification, starving New England of examiners, and ignoring Plaintiff's petition—inflicts severe and unjustified harm, blocking Plaintiff's career, restricting his mobility, and treating him unequally.

**Count III – Violation of First Amendment Rights**

34. Plaintiff realleges all above paragraphs.

35. As a flight instructor, Plaintiff's teaching is expressive speech protected by the First Amendment, advancing public safety and aviation knowledge. The FAA's refusal to schedule the CFI-G practical test or decide Plaintiff's petition (FAA-2023-2580, pending over 15 months) chills this speech, burdening Plaintiff's right to teach and his students' right to learn.

36. The FAA's failure to act on Plaintiff's petition, filed at its own counsel's urging, further denies his First Amendment right to petition the government for redress.

37. By blocking Plaintiff's ability to teach and ignoring his petition, the FAA inflicts severe harm, muting his voice and leaving him no recourse but this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Declare that the FAA has unreasonably delayed acting on Plaintiff's petition for exemption, docket number FAA-2023-2580, in violation of the APA;

2. Declare that the FAA's inaction violates Plaintiff's Fifth Amendment due process, equal protection, and First Amendment rights;

3. Order the FAA to issue a determination on the petition within 14 days of the Court's order;

4. Award such other relief as may be just and proper.

Respectfully submitted,

/s/ Stephen J. Williams, Plaintiff
Federal Bar No. CT-04037
12 September Road
Storrs
Connecticut 06268-2806
USA
Tel. +1 860-450-1288